1  THE WEISER LAW FIRM, P.C.
   KATHLEEN A. HERKENHOFF (168562)
2  12707 High Bluff Drive, Suite 200
   San Diego, CA 92130
3  Telephone: 858/794-1441
   Facsimile:  858/794-1450
4  kah@weiserlawfirm.com

5  Attorneys for Plaintiff Yahia Tawila and Proposed Lead Counsel

6  [Additional counsel appear on signature page]

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11 | DEBRA SALZMAN, Derivatively on Behalf of Nominal Defendant, | ) | No. CV11-03269-CRB |

| DEBRA SALZMAN, Derivatively on Behalf of Nominal Defendant, | ) ) ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| vs. | ) ) ) | OPPOSITION OF PLAINTIFF YAHIA TAWILA TO PLAINTIFF IRON WORKERS MID-SOUTH PENSION FUND'S AMENDED NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT LEAD COUNSEL |
| CAROL A. BARTZ, JERRY YANG, ROY BOSTOCK, PATTI S. HART, SUSAN M. JAMES, VYOMESH JOSHI, DAVID KENNY, ARTHUR H. KERN, BRAD D. SMITH, and GARY L. WILSON, | ) ) ) ) ) ) ) |  |
| Defendants, | ) ) ) | DATE:      August 26, 2011 TIME:       10:00 a.m. CTRM:      Hon. Judge Charles R. Breyer |
| – and – | ) ) | Action Filed: July 1, 2011 |
| YAHOO! INC., a Delaware corporation, | ) |  |
| Nominal Defendant. | |  |

[Caption continued on next page.]

1

2
JANE OH, Derivatively on Behalf of Herself    )   Case No. CV11-03286-CRB
and All Others Similarly Situated,            )
                                              )   Action Filed: July 5, 2011
3                                             )
                        Plaintiff,            )
4                                             )
            vs.                               )
5                                             )
CAROL A. BARTZ, JERRY YANG, ROY               )
BOSTOCK, PATTI HART, SUSAN JAMES,             )
6   VYOMESH JOSHI, DAVID KENNY,               )
ARTHUR KERN, BRAD SMITH, and GARY )
7   WILSON,                                   )
                                              )
8                       Defendants,           )
                                              )
9           – and –                           )
                                              )
10  YAHOO! INC.,                              )
                                              )
11                  Nominal Defendant.        )
    _____ )
12

13  YAHIA TAWILA, Derivatively on Behalf of   )   Case No. CV11-03301-CRB
    YAHOO! INC.,                              )
14                                            )   Action Filed: July 6, 2011
                        Plaintiff,            )
15                                            )
            vs.                               )
16                                            )
CAROL A. BARTZ, JERRY YANG, ROY               )
17  BOSTOCK, PATTI HART, SUE JAMES,           )
VYOMESH JOSHI, DAVID KENNY,                   )
18  ARTHUR KERN, BRAD SMITH, and GARY )
WILSON,                                       )
19                                            )
                        Defendants,           )
20                                            )
            – and –                           )
21                                            )
    YAHOO! INC.,                              )
22                                            )
                    Nominal Party.            )
23  _____ )

24

25

26

27

28

1   IRON WORKERS MID-SOUTH PENSION )  Case No. CV11-03302-CRB
    FUND, Derivatively on Behalf of YAHOO! )
2   INC., )  Action Filed: July 6, 2011
     )
3                Plaintiff, )
     )
4       vs. )
     )
5   CAROL BARTZ, JERRY YANG, ROY J. )
    BOSTOCK, PATTI S. HART, SUSAN M. )
6   JAMES, VYOMESH JOSHI, ARTHUR H. )
    KERN, BRAD D. SMITH, GARY L. )
7   WILSON and JACK MA, )
     )
8              Defendants, )
     )
9      – and – )
     )
10   YAHOO! INC., a Delaware corporation )
     )
11           Nominal Defendant. )
     )

# TABLE OF CONTENTS

**Page**

I.   SUMMARY OF ARGUMENT AND INTRODUCTION ....................................................1

II.  STATEMENT OF FACTS ..............................................................................................4

III. ARGUMENT....................................................................................................................7

    A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............................7

    B.   THE COURT SHOULD APPOINT TAWILA AS LEAD PLAINTIFF
        AND THE WEISER FIRM AS LEAD COUNSEL ................................................8

        1.   The Quality of the Pleadings Submitted By the Weiser Firm
                Demonstrates That the Weiser Firm Is Best Suited to Represent the
                Interests of the Derivative Plaintiffs .............................................................8

        2.   Tawila Has the Greatest Economic Stake in the Litigation Which
                Provides Him With Strong Motivation to Vigorously Prosecute the
                Actions ..........................................................................................................10

        3.   Plaintiff Tawila Has Prosecuted the Actions with Greater Energy,
                Enthusiasm, and Vigor..................................................................................12

        4.   The Weiser Firm Has a Documented History of Successful
                Prosecution of Complex Derivative Actions and Has the Resources
                Necessary to Aggressively and Judiciously Prosecute the Actions ...........13

IV.  CONCLUSION................................................................................................................13

# TABLE OF AUTHORITIES

**Page**

## CASES

*Berkowitz v. Fodor,*
No. C 06-05353 JW, 2006 WL 3365587 (N.D. Cal. Nov. 20, 2006) .....................................11

*Bernhard v. TD Bank, N.A.,*
Civ. No. 08-4392 (RBK/AMD), 2009 WL 3233541 (D.N.J. Oct. 5, 2009) .............................8

*Brown v. Kelly,*
No. C 06-04671 JW, 2006 WL 3411868 (N.D. Cal. Nov. 27, 2006) .....................................11

*Cohen v. Beneficial Indus. Loan Corp.,*
337 U.S. 541 (1949).............................................................................................................11

*Davis v. Comed, Inc.,*
619 F.2d 588 (6th Cir. 1980) ................................................................................................11

*Harbor Finance Partners v. Huizenga,*
751 A.2d 879 (Del. Ch. 1999)................................................................................................9

*Hirt v. U.S. Timberlands Service Co.,*
No. CIV. A. 19575, 2002 WL 1558342 (Del. Ch. July 9, 2002).............................................13

*Huene v. United States,*
743 F.2d 703 (9th Cir. 1984) .................................................................................................7

*In re New Valley Corp. Derivative Litig.,*
No. Civ. A. 17649, 2001 WL 50212 (Del. Ch. Jan. 11, 2001) .................................................9

*In re OCA, Inc. Sec. & Derivative Litig.,*
No. 05-2165, slip op. (E.D. La. Nov. 18, 2005) ...........................................................3, 8, 10

*In re Sonus Networks, Inc.,*
499 F.3d 47 (1st Cir. 2007)...................................................................................................11

*Indiana State District Council of Laborers and Hod Carriers Pension Fund v. Gecht,*
No. C-06-7274 EMC, 2007 WL 902554 (N.D. Cal. Mar. 22, 2007)........................................7

*Kamen v. Kemper Fin. Servs. Inc.,*
500 U.S. 90 (1991)................................................................................................................9

*Millman ex rel Friedman's Inc. v. Brinkley,*
No. 1:03-CV-3831-WSD, 2004 WL 2284505 (N.D. Ga. Oct. 1, 2004)...................................8

*Sparano v. Lief,*
No. 10cv2079 BTM (BLM), 2011 WL 830109 (S.D. Cal. Mar. 3, 2011)........................11, 12

OPPOSITION OF PLAINTIFF YAHIA TAWILA TO PLAINTIFF IRON WORKERS MID-SOUTH PENSION
FUND'S AMENDED NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS AND
APPOINT LEAD COUNSEL - 11-03269-CRB

- ii -

1

2                                                                                                    **Page**

3   *TCW Tech. Ltd. P'ship v. Intermedia Comm's, Inc.*,
        No. 18336, 2000 WL 1654504 (Del. Ch. Oct. 17, 2000)................................................. *passim*
4

5   *Wiehl v. Eon Labs*,
        No. Civ. A. 1116-N, 2005 WL 696764 (Del. Ch. Mar. 22, 2005).............................................3

6   **STATUTES, RULES AND REGULATIONS**

7   15 U.S.C.
8       § 78u-4(a)(3)(B)(iii)(I).........................................................................................2, 10

9   Federal Rules of Civil Procedure
        Rule 42(a).......................................................................................................7
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Yahia Tawila ("Tawila") hereby opposes the Amended Notice of Motion and Motion to Consolidate Related Actions and Appoint Lead Counsel and Memorandum in Support Thereof (the "Iron Workers' Motion") filed by Plaintiff Iron Workers Mid-South Pension Fund ("Iron Workers"). As the dockets in the above-captioned shareholder derivative actions (the "Actions") reflect, on July 11, 2011, Tawila was the first plaintiff[1] to file a motion to consolidate the Actions and seek his appointment as Lead Plaintiff and the appointment of his counsel, The Weiser Law Firm, P.C. (the "Weiser Firm") as Lead Counsel in the Actions (referred to hereinafter as the "Tawila Motion"). Accordingly, for purposes of clarification, Tawila does not oppose the Iron Workers' Motion to the extent that it seeks consolidation of the Actions, but does oppose that portion of the Iron Workers' Motion that seeks to appoint Iron Workers' counsel, Robbins Umeda LLP ("Robbins Umeda") and Johnson & Weaver LLP ("Johnson Weaver") as Lead Counsel (collectively, "Iron Workers' Counsel"), and any request by Iron Workers to serve as Lead Plaintiff.

## I.      SUMMARY OF ARGUMENT AND INTRODUCTION

Generally, each of the Actions alleges that Yahoo has been damaged by the breaches of fiduciary duty and other wrongful conduct of the Board of Directors of Yahoo (the "Board") and certain of its senior officers (collectively referred to as the "Individual Defendants").[2] The Actions allege that during the Relevant Period (April 2011 to the present), the Individual Defendants caused Yahoo to issue a series of materially false and misleading statements regarding the Company's

---

[1]      The Tawila Motion originally included Plaintiff Jane Oh ("Oh") and her counsel, the law firm of Glancy Binkow & Goldberg LLP (the "Glancy Firm"). Oh and the Glancy Firm have withdrawn their request to be appointed (via the Tawila Motion) as a Lead Plaintiff and Co-Lead Counsel, respectively, in the Actions. Tawila notes that on August 5, 2011, Plaintiff Debra Salzman ("Salzman") filed a Motion for Appointment of Lead Plaintiff, and for Appointment of Lead Counsel (the "Salzman Motion"), which is noticed for hearing on September 9, 2011. Given the late receipt of the Salzman Motion and the fact that oppositions to the Salzman Motion are not currently due, Tawila will address the Salzman Motion in accordance with the timeframe set forth in the Local Rules of this Court. Salzman's counsel was served with the Tawila Motion (both as originally filed on July 11, 2011, and as re-noticed on July 22, 2011).

[2]      There are differences as to the named defendants in the Actions (including one such discrepancy discussed further below), and some variation of the derivative claims asserted on behalf of Yahoo in each of the Actions. These differences will be resolved upon the filing of a consolidated complaint.

1   business and financial results. *See e.g.*, ¶¶2-9 & 41.[3]  Specifically, the Individual Defendants failed

2   to timely disclose that an important corporate asset in China known as Alipay (an e-commerce

3   payment system) had been transferred for a mere $46 million, astronomically less than its estimated

4   value of $5 billion.  ¶¶33-46.

5       Consolidation of the Actions is appropriate because the Actions involve common questions

6   of law and fact, and considerations of judicial economy strongly favor the simultaneous resolution of

7   the Actions in one forum.  Additionally, the Court should appoint Tawila as Lead Plaintiff because

8   he has the greatest financial interest among the moving plaintiffs in the Actions.  Indeed, Tawila's

9   holdings of Yahoo stock, in the amount of 220,000 shares, dwarfs the holdings of Yahoo stock by

10  Iron Workers, a mere 2,585 shares.[4]

11      Iron Workers' and the Iron Workers' Counsels' argument rests on the faulty proposition that

12  because Iron Workers is an institutional investor, it has a greater financial stake in the Actions (and

13  thus, presumably, is well-motivated to vigorously prosecute the Actions), and that it is more

14  "sophisticated" than Tawila.  The authority on which the Iron Workers rely for this argument is the

15  Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The underpinning of the PSLRA

16  rationale however, is the assumption that institutional investors, ***due to their large financial***

17  ***interests as compared to individual investors***, are best-suited to serve as lead plaintiffs because they

18  are the most economically motivated to vigorously prosecute an action under the federal securities

19  ───────────────────

20  [3]     Unless otherwise noted, paragraph references ("¶__" or "¶¶__") are to the Verified
    Shareholder Derivative Complaint for Breach of Fiduciary Duty, Gross Mismanagement, Abuse of
21  Control, Corporate Waste and Unjust Enrichment filed July 6, 2011 by Plaintiff Tawila derivatively
    on behalf of Yahoo (Case No. CV11 03301-CRB (the "Tawila Complaint").  The Tawila Complaint
22  is attached as Exhibit A to the Declaration of Kathleen A. Herkenhoff in Support of Motion to
    Consolidate Related Actions, Appoint Lead Plaintiffs and Appoint Co-Lead Counsel (the
23  "Herkenhoff Decl.").  The complaints filed in the other Actions listed above are also attached to the
    Herkenhoff Decl. at Exhibits B-D.
24
    [4]     *See* Declaration of Kathleen A. Herkenhoff in Support of Opposition of Plaintiffs Yahia
25  Tawila and Jane Oh to Plaintiff Iron Workers Mid-South Pension Fund's Amended Notice of Motion
    and Motion to Consolidated Related Actions and Appoint Lead Counsel ("Herkenhoff Aug. 5
26  Decl.") at Ex. A (Declaration of Tawila); Declaration of Harvey Swift in Support of Motion to
    Consolidate Related Actions and Appoint Lead Counsel, submitted with the Iron Workers' Motion
27  ("Swift Decl.") at ¶3.

28
    OPPOSITION OF PLAINTIFF YAHIA TAWILA TO PLAINTIFF IRON WORKERS MID-SOUTH
    PENSION FUND'S AMENDED NOTICE OF MOTION AND MOTION TO CONSOLIDATE
    RELATED ACTIONS AND APPOINT LEAD COUNSEL - 11-03269-CRB          - 2 -

1    laws.  Indeed, the PSLRA creates a presumption that the "most adequate plaintiff" is the movant

2    with the "largest financial interest" in the action.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

3            Here, however, the movant with the largest financial stake in the Actions (by far) is Tawila,

4    whose Yahoo holdings are more than 100 ***times greater*** than the Iron Workers' Yahoo holdings.[5]

5    *See, e.g.*, *In re OCA, Inc. Sec. & Derivative Litig.*, No. 05-2165, slip op. at 37, 44 (E.D. La. Nov. 18,

6    2005) (holding that "economic interest … should be given substantial weight" in selecting derivative

7    lead plaintiff, and appointing individual investor applicant with largest shareholdings), a copy of

8    which is attached as Exhibit B to the Herkenhoff Aug. 5 Decl.; *TCW Tech. Ltd. P'ship v. Intermedia*

9    *Comm's, Inc.*, No. 18336, 2000 WL 1654504, at *4 (Del. Ch. Oct. 17, 2000) (stating that the factors

10   that should guide a court "in determining which lawsuit should assume a lead or coordinating role"

11   include giving "weight to the shareholder plaintiff that has the greatest economic stake in the

12   outcome of the lawsuit"). [6]  Thus, while Iron Workers claims its status as an institutional investor

13   should balance in favor of its selection as Lead Plaintiff and its choice of counsel as Lead Counsel,

14   in fact it is Tawila who is presumptively the most adequate Lead Plaintiff.  Indeed, Iron Workers

15   itself acknowledges this by citing *Wiehl v. Eon Labs*, No. Civ. A. 1116-N, 2005 WL 696764, at *3

16   (Del. Ch. Mar. 22, 2005) with approval, noting that the *Wiehl* case makes clear that "[c]ourts may

17   consider the relative economic stakes of the plaintiffs in the litigation . . . ."  *See* Iron Workers'

18   Motion at 8 n.6.

19           The presumption of Tawila's adequacy is further supported by his choice of counsel, the

20   Weiser Firm, a highly experienced advocate for stockholders with significant, specialized experience

21   successfully litigating complex (and sometimes, novel) derivative actions.[7]  Thus, for the reasons set

_____

23   [5]    Based on the market value of Yahoo common stock as the date of this filing, Tawila's
24   holdings are currently worth approximately $2.6 million.  Iron Workers' holdings, by contrast, are
     currently worth approximately $30,000.

25   [6]    Unless otherwise stated, all citations and internal citations are omitted.

26   [7]    Notably, Iron Workers does not suggest that the Weiser Firm is ill-suited to serve as Lead
27   Counsel in the Actions.  Similarly, Tawila would stipulate that Iron Workers' counsel has the
     experience required to properly litigate the Actions.

28
     OPPOSITION OF PLAINTIFF YAHIA TAWILA TO PLAINTIFF IRON WORKERS MID-SOUTH
     PENSION FUND'S AMENDED NOTICE OF MOTION AND MOTION TO CONSOLIDATE
     RELATED ACTIONS AND APPOINT LEAD COUNSEL - 11-03269-CRB                    - 3 -

1   forth herein and in the Tawila Motion, the Court should appoint the Weiser Firm as Lead Counsel

2   because of: (1) the high quality of its pleadings; (2) its representation of Tawila, the plaintiff with the

3   greatest financial interest (by far); (3) the fact that it has prosecuted the Actions with energy,

4   enthusiasm, and vigor; and (4) its competence and access to the resources necessary to successfully

5   prosecute the Actions.

6   **II.      STATEMENT OF FACTS**

7          The Actions are shareholder derivative actions filed on behalf of Yahoo.[8]  *See* Herkenhoff

8   Decl., Exs. A-D.  Despite Yahoo's global brand, its business has languished for the past several

9   years, as the Company had largely failed to keep pace with Google and struggled to grow in highly

10  regulated and politicized fast-growing markets like China.  ¶33.

11         It has been alleged in the Actions that in order to overcome this situation, in 2005, certain of

12  the Individual Defendants caused the Company to invest $1 billion for a 40% interest in Alibaba

13  Group Holding Limited ("Alibaba"), China's largest e-commerce company, which secured Yahoo

14  one seat on Alibaba's four-person board of directors.  ¶¶33-40.  As a part of the new strategic

15  partnership with Alibaba, under the Individual Defendants' direction, Yahoo also relinquished

16  operation of Yahoo China to Alibaba.  ¶34.  In the Company's Form 10-Q for the quarterly period

17  ended March 31, 2007, while discussing the Yahoo-Alibaba strategic partnership and touting the

18  transaction as a great opportunity for Yahoo to expand its business in China, the Individual

19  Defendants stated:

20              Through this transaction, the Company has combined its leading search capabilities
            with Alibaba's leading online marketplace and online payment system and Alibaba's
21          strong local presence, expertise and vision in the China market.  These factors
            contributed to a purchase price in excess of the Company's share of the fair value of
22          Aliababa's net tangible and intangible assets acquired resulting in goodwill.

23  _____

24  [8]       According to Yahoo's public filings with the Securities and Exchange Commission (the
    "SEC"), the Company operates as a digital media company that delivers personalized digital content
25  and experiences across devices and worldwide.  The Company's communications and communities
    offerings provide a range of communication and social services to users and small businesses across
26  various devices and through its broadband Internet access partners.  Its search and marketplace
    offerings provide answers to users' information needs by delivering meaningful search, local, and
27  listings experiences on the search results page and across Yahoo.  ¶2.

28
    OPPOSITION OF PLAINTIFF YAHIA TAWILA TO PLAINTIFF IRON WORKERS MID-SOUTH
    PENSION FUND'S AMENDED NOTICE OF MOTION AND MOTION TO CONSOLIDATE
    RELATED ACTIONS AND APPOINT LEAD COUNSEL - 11-03269-CRB                      - 4 -

1  ¶35.

2      As the remainder of the decade unfolded, Alibaba grew rapidly and the materiality of

3  Yahoo's Alibaba interest had grown commensurately.  By 2011, Yahoo's 40% stake in Alibaba was

4  highly material to Yahoo, and in fact had become, according to many industry experts, Yahoo's most

5  valuable corporate asset, ***accounting for as much as two-thirds of Yahoo's entire $21 billion***

6  ***market capitalization***.  Yahoo's counterparts in China had been consulting with Yahoo for months

7  on anticipated changes to Chinese regulations regarding foreign ownership.   The Individual

8  Defendants failed to address this issue and ultimately in 2010, Alibaba transferred ownership in

9  Alipay to Alibaba's Chief Executive Officer ("CEO"), Jack Ma ("Ma"), for $46 million -- a mere

10  fraction of its true worth.  Based on the materiality of Alibaba, it is reasonable to infer that the

11  Individual Defendants were aware of the transaction at some point during 2010, but all of the

12  Individual Defendants were undeniably aware of it by March 31, 2011, at the very latest.  In an

13  effort, however, to continue to maintain the perception publicly that Alibaba was a material part of

14  Yahoo's business, the Individual Defendants concealed this material information.  ¶¶36-40.

15      For example, on April 19, 2011, the Individual Defendants caused the Company to issue a

16  press release announcing its first quarter 2011 financial results.  The Individual Defendants reported

17  earnings of $223 million, or $0.17 diluted earnings per share, and revenues of slightly more than $1

18  billion.  In the release, the Individual Defendants stated in part:

19          "We are solidly executing toward our plan for returning Yahoo! to sustainable
           revenue and profit growth," said Carol Bartz, CEO of Yahoo!. "During the quarter,
20          we beat the midpoint of revenue guidance while continuing to deliver on the bottom
           line. We continued to extend our lead as the world's premier digital media company
21          with users to Yahoo! branded properties increasing 15% year over year and minutes
           spent increasing 17%."
22
       These were positive results and statements (with never a word about the Alipay fiasco), and
23
   the market naturally reacted favorably, with Yahoo's stock price increasing to $16.87 per share.
24
   ¶42.
25
       On May 10, 2011, Yahoo shareholders belatedly learned that the Company's $1 billion
26
   investment in its strategic partnership with Alibaba likely had been severely impaired by the
27
   misappropriation of Alibaba's most valuable asset, Alipay, from Alibaba to another private company
28

1  controlled by Alibaba's CEO, Ma.  On this news, Yahoo's stock price fell by 7%, to close at $17.20

2  per share.  ¶43-44.

3       On May 12, 2011, the Individual Defendants caused the Company to issue a press release

4  entitled "Yahoo! Inc. Releases Statement Regarding Alipay," which stated in part:

5       On March 31, 2011, Yahoo! and Softbank were notified by Alibaba Group of two
transactions that occurred without the knowledge or approval of the Alibaba Group

6  board of directors or shareholders. The first was the transfer of ownership of Alipay
in August 2010. The second was the deconsolidation of Alipay effective in the first

7  quarter of 2011.

8       Yahoo! disclosed this restructuring in its 10-Q after discussions with Alibaba Group
and obtaining a better understanding of this complex situation.

9

10       Yahoo! continues to work closely with Alibaba and Softbank to protect economic
value for all interested parties. We believe ongoing negotiations among all of the
parties provide the best opportunity to achieve an outcome in the best interest of all

11  stakeholders.

12  ¶45.

13       According to news reports, Alibaba received merely $46 million for Alipay's assets, even

14  though securities analysts valued those assets at *$5 billion*.  *Id.*   Additionally, the Individual

15  Defendants reportedly were aware of Ma's misappropriation of Alipay, failed to prevent the

16  usurpation of Yahoo's valuable financial interests in Alipay, and then concealed the entire episode

17  from Yahoo shareholders for six months.  ¶46.

18       On May 15, 2011, the Individual Defendants caused the Company to issue a press release

19  entitled "Joint Statement from Alibaba Group and Yahoo! Inc. Regarding Alipay," in which they

20  stated in pertinent part:

21       "Alibaba Group, and its major stockholders Yahoo! Inc. and Softbank Corporation,
are engaged in and committed to productive negotiations to resolve the outstanding

22  issues related to Alipay in a manner that serves the interests of all shareholders as
soon as possible."

23  ¶47.

24

25       On this news, Yahoo's stock price collapsed by $0.74 per share to close at $15.81 per share

26  on May 16, 2011 a decline of 15% from its Relevant Period high of $18.65 per share.  ¶48.  As a

27  result of the above detailed misconduct at Yahoo's expense and to its detriment, the Actions all

28

allege that the Individual Defendants breached their fiduciary duties. *See e.g.*, Herkenhoff Decl., Exs. A-D.

## III.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of the related Actions is appropriate. Rule 42(a) of the Federal Rules of Civil Procedure provides:

Consolidation; Separate Trials

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "Thus, the main question for a court in deciding whether to consolidate is whether there is a common question of law or fact." *Indiana State District Council of Laborers and Hod Carriers Pension Fund v. Gecht*, No. C-06-7274 EMC, 2007 WL 902554, at *1 (N.D. Cal. Mar. 22, 2007). "A common question or questions do not have to predominate." *Id.* "All that is required is that the district court find they exist and that consolidation will prove beneficial." *Id.* "The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

The Actions all involve common questions of law and fact. *See* Herkenhoff Decl., Exs. A-D. The Actions each involve a core set of facts centering around the Individual Defendants' misconduct in failing to timely disclose that the Company's highly material, valuable corporate asset in China – Alipay – had been transferred for a mere $46 million, substantially less than its estimated value of $5 billion. Additionally, plaintiffs in each of the Actions allege that the Individual Defendants breached their fiduciary duties to Yahoo and its shareholders. As a result, the Court should consolidate the Actions.

## B.   THE COURT SHOULD APPOINT TAWILA AS LEAD PLAINTIFF AND THE WEISER FIRM AS LEAD COUNSEL

Courts consider various factors in appointing lead counsel in derivative litigation.  Such factors include: (1) "the quality of the pleadings that appears best able to represent the interests of the shareholder class and derivative plaintiffs;" (2) "the shareholder plaintiff that has the greatest economic stake in the outcome of the lawsuit;" and (3) "whether a particular litigant has prosecuted its lawsuit with greater energy, enthusiasm or vigor than have other similarly situated litigants." *TCW Tech.*, 2000 WL 1654504 at \*4; *Bernhard v. TD Bank, N.A.*, Civ. No. 08-4392 (RBK/AMD), 2009 WL 3233541, at \*5 (D.N.J. Oct. 5, 2009) (outlining factors for consideration in selecting lead counsel as including "counsel's knowledge of the applicable law"); *Millman ex rel Friedman's Inc. v. Brinkley*, No. 1:03-CV-3831-WSD, 2004 WL 2284505, at \*3 (N.D. Ga. Oct. 1, 2004) (selection criteria includes "experience and prior success record [and] the number, size, and extent of involvement of represented litigants"); *OCA*, No. 05-2165, slip op. at 37, 44 (attached as Exhibit B to the Herkenhoff Aug. 5 Decl.) (holding that "economic interest … should be given substantial weight" in selecting derivative lead plaintiff, and appointing individual investor applicant with largest shareholdings).  Each of these factors favors the appointment of Tawila as Lead Plaintiff and the appointment of Tawila's chosen counsel, the Weiser Firm, as Lead Counsel.

### 1.   The Quality of the Pleadings Submitted By the Weiser Firm Demonstrates That the Weiser Firm Is Best Suited to Represent the Interests of the Derivative Plaintiffs

One factor courts consider in appointing lead counsel in derivative litigation is "the quality of the pleading that appears best able to represent the interests of the shareholder class and derivative plaintiffs." *TCW*, 2000 WL 1654504, at \*4. Here, it is apparent from the pleadings that, consistent with its reputation, the Weiser Firm has filed a high-caliber complaint on behalf of plaintiff Tawila. The Weiser Firm carefully researched, crafted, and filed the Tawila Action.  By contrast, there are certain notable omissions in the complaint filed by Robbins Umeda on behalf of Iron Workers.

Most critically, Iron Workers failed to sue the entire Board. *See* Iron Workers' Complaint. Tawila named the entire Board, including David Kenny ("Kenny"), one of Yahoo's current directors, as defendants in his complaint. *See* Tawila Complaint, ¶23.  Plaintiff Iron Workers, however,

1   inexplicably failed to name Kenny as a defendant. According to the Company's Annual Report on

2   Form 10-K filed with the SEC on February 28, 2011, defendant Kenny was appointed to the Board

3   effective April 1, 2011, and therefore Kenny was a director of Yahoo at the time of the April 19,

4   2011 statements by the Individual Defendants described above, which have been specifically

5   challenged in the Actions as materially false and misleading.[9] *See* http://yahoo.brand.edgar-

6   online.com/displayfilinginfo.aspx?FilingID=7760334-825-66859&type=sect&dcn=0001193125-11-

7   050000. Tawila submits that Iron Workers' failure to properly name all the members of the Board as

8   defendants, particularly where the omitted Board member was a director of the Company at the time

9   of the alleged false and misleading statements upon which the claims in the Actions are based,

10  demonstrates an obvious deficiency in the quality of Iron Workers' pleading.[10]

11          Because Tawila has filed a complaint that, in key respects, is superior quality to the pleadings

12  submitted by Iron Workers, this factor weighs in favor of the appointment of Tawila's chosen

13  counsel, the Weiser Firm, as Lead Counsel. *TCW*, 2000 WL 1654504, at *4.

14  _____

15  [9]      Iron Workers' omission of Kenny as a defendant is further magnified given fundamental
    conflicts which raise doubt regarding his ability to impartially consider a demand. Specifically (as
16  alleged by plaintiff Oh), Kenny has close business and personal relationships outside of his
    directorships at Yahoo with other current members of the Board, including defendants Arthur Kern
17  ("Kern") and Roy Bostock ("Bostock"). *See* Oh Complaint, ¶50. Delaware courts have specifically
    held that there is reason to doubt a director's independence based on a long-term business
18  relationship with another director. *See, e.g.*, *In re New Valley Corp. Derivative Litig.*, No. Civ. A.
    17649, 2001 WL 50212, at *8-*9 (Del. Ch. Jan. 11, 2001) (finding that the existence of a long-term
19  business relationship among directors is enough to demonstrate reasonable doubt of a director's
    independence at the pleading stage and that so long as a long-term business relationship is plead,
20  "[t]he Court will reserve judgment on the ultimate nature of these relationships until an adequate
    record exists, after further discovery and factual development."); *Harbor Finance Partners v.*
21  *Huizenga*, 751 A.2d 879, 889 (Del. Ch. 1999) ("Hudson's ties to Huizenga are such that it is
    unreasonable to believe that Hudson could objectively consider the approval of … a suit against
22  Huizenga … This long-standing pattern of mutually advantageous business relations makes me
    doubtful that Hudson could impartially consider a demand that Republic file a lawsuit adverse to
23  Huizenga's interests."). Because Yahoo is a Delaware corporation, Delaware substantive law will
    apply to the demand futility analysis. *See Kamen v. Kemper Fin. Servs. Inc.*, 500 U.S. 90, 108-09
24  (1991) ("a court that is entertaining a derivative action … must apply the demand futility exception
    as it is defined by the law of the State of incorporation").

25
    [10]     This omission is even more troubling given that Robbins Umeda made the exact same
26  omission in the duplicative derivative complaint they filed in May 2011 in the Superior Court for the
    County of Santa Clara (the "Duplicative State Litigation"). The description of the Duplicative State
27  Litigation is set forth in the Iron Workers' Motion and is also addressed, *infra*.

28
    OPPOSITION OF PLAINTIFF YAHIA TAWILA TO PLAINTIFF IRON WORKERS MID-SOUTH
    PENSION FUND'S AMENDED NOTICE OF MOTION AND MOTION TO CONSOLIDATE
    RELATED ACTIONS AND APPOINT LEAD COUNSEL - 11-03269-CRB                              - 9 -

2.    **Tawila Has the Greatest Economic Stake in the Litigation Which Provides Him With Strong Motivation to Vigorously Prosecute the Actions**

In making determinations regarding lead counsel in derivative litigation, courts also "give weight to the shareholder plaintiff that has the greatest economic stake in the outcome of the lawsuit." *TCW*, 2000 WL 1654504, at *4; *see also OCA*, No. 05-2165, slip op. at 37, 44 (attached as Exhibit B to the Herkenhoff Aug. 5 Decl.); Tawila Declaration (setting forth Tawila's holding of 220,000 Yahoo shares) (attached as Exhibit A to the Herkenhoff Aug. 5 Decl.). This factor "is similar to the federal system that now uses a model whereby the class member with the largest economic interest in the action is given responsibility to control the litigation." *Id.* Here, Tawila is a long-term Yahoo shareholder who currently holds 220,000 shares. *See* Tawila Declaration.

Although the Iron Workers slyly acknowledge that "[c]ourts may also consider the relative economic stakes of the plaintiffs in the litigation" (Iron Workers' Motion at 8 n.6), this issue is far more important than Iron Workers is apparently willing to admit; in fact, the size of shareholders' respective holdings is the primary basis for the PSLRA's lead plaintiff provisions,[11] the statute upon which the Iron Workers' Motion relies. Iron Workers, however, owns only 2,585 shares of Yahoo stock, or ***100 times less than Tawila***. *See* Declaration of Harvey Swift in Support of Motion to Consolidate Related Actions and Appoint Lead Counsel filed in support of the Iron Workers' Motion, ¶3. Accordingly, Tawila is committed to vigorously prosecuting the Actions, and is highly motivated to produce the most beneficial resolution possible for the Company.

The Court, moreover, should appoint a Lead Plaintiff herein, and the best choice is Tawila. Despite Iron Workers' contention that courts within the Ninth Circuit "routinely decline to appoint lead plaintiffs in shareholder derivative actions," (Iron Workers' Motion at 13 n.8), numerous courts

---

[11]    As noted above, the PSLRA in fact creates a presumption that the "most adequate plaintiff" is the movant with the "largest financial interest" in the action. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). *See also OCA*, No. 05-2165, slip op. at 37, 44 (attached as Exhibit B to the Herkenhoff Aug. 5 Decl.) (holding that "economic interest ... should be given substantial weight" in selecting derivative lead plaintiff, and appointing individual investor applicant with largest shareholdings).

OPPOSITION OF PLAINTIFF YAHIA TAWILA TO PLAINTIFF IRON WORKERS MID-SOUTH PENSION FUND'S AMENDED NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT LEAD COUNSEL - 11-03269-CRB                                                 - 10 -

within this district have, in fact, appointed lead plaintiffs in derivative actions. *See, e.g.*, *Brown v. Kelly*, No. C 06-04671 JW, 2006 WL 3411868, at *1-*2 (N.D. Cal. Nov. 27, 2006) (holding that the appointment of lead plaintiffs is appropriate); *Berkowitz v. Fodor*, No. C 06-05353 JW, 2006 WL 3365587, at *2 (N.D. Cal. Nov. 20, 2006) (appointing lead plaintiffs in a derivative action).[12]

Additionally, contrary to their assertions, the fact that the Iron Workers' Counsel are Co-Lead Counsel in the Duplicative State Litigation only indicates that they are ***not*** appropriate to serve as Lead Counsel here. *See, e.g.*, *Davis v. Comed, Inc.*, 619 F.2d 588, 597 (6th Cir. 1980) (finding derivative plaintiff inadequate because, *inter alia*, he had already brought additional, separate litigation against defendants, and noting that "[t]his derivative action appears to be just one more skirmish in a larger war between Davis and some of the defendants . . . ."). It is also apparent that the motivating factor for multiplying the litigation was simply concern over protecting potential fees.

Finally, Iron Workers cite only one case to suggest that there is no *per se* conflict in dual representations of shareholder derivative plaintiffs in state and federal court, *Sparano v. Lief*, No. 10cv2079 BTM (BLM), 2011 WL 830109, at *1 (S.D. Cal. Mar. 3, 2011). However, the *Sparano* opinion fails to consider the realities of the litigation of these cases. The issue of demand futility will only be decided in one case. *See, e.g.*, *In re Sonus Networks, Inc.*, 499 F.3d 47 (1st Cir. 2007) (dismissal in one forum on demand futility has issue-preclusive effect in second forum). Indeed, a review of the docket in the *Sparano* action shows that after securing a lead counsel position over both federal and state cases, Robbins Umeda then voluntarily stayed both cases. *See* Herkenhoff Aug. 5 Decl. at Ex. C. While the reason cited for the requested stay was settlement negotiations, this

---

[12]     There is no specific statutory framework for the appointment of a Lead Plaintiff in shareholder derivative actions. However, as the U.S. Supreme Court recognized in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1949), a plaintiff who leads a shareholder derivative suit occupies a position "of a fiduciary character," in which "[t]he interests of all in the redress of the wrongs are taken into his hands ..." This comports with the logic of the PSLRA, which is based on the presumption that the most adequate plaintiff to lead is the one with the largest financial interest in the action – after all, that plaintiff is the best-motivated to seek redress of the wrongs at issue. Accordingly, plaintiff Tawila should be appointed Lead Plaintiff. However, even if the Court declines to appoint a Lead Plaintiff, Tawila respectfully requests that his chosen counsel, the Weiser Firm, should be appointed as Lead Counsel.

Court will no doubt realize that both *Sparano* state and federal actions would not have proceeded simultaneously. Thus, assuming that the Iron Workers' Counsel did not file in this Court just to turn around and ask this Court to indefinitely stay its docket in favor of state court, the Duplicative State Litigation should be stayed and, accordingly, the only issue for this Court at present is which counsel has demonstrated the most effective litigation efforts on behalf of Yahoo, has superior pleadings, and has a client with the most-vested interest in pursuing Yahoo's claims.[13] As set forth above, Tawila respectfully submits that there is only one conclusion – Tawila and the Weiser Firm.

### 3.   Plaintiff Tawila Has Prosecuted the Actions with Greater Energy, Enthusiasm, and Vigor

Another factor that courts consider in appointing lead counsel in derivative litigation is "whether a particular litigant has prosecuted its lawsuit with greater energy, enthusiasm or vigor than have other similarly situated litigants." *TCW*, 2000 WL 1654504, at *4. In addition to being supported by plaintiff Tawila who has a greater economic stake in the Actions, and submitting pleadings of the highest quality, the Weiser Firm has clearly demonstrated its leadership and commitment to prosecuting the Actions diligently and vigorously. Plaintiff Tawila not only filed his complaint in the Northern District of California before Plaintiff Iron Workers, but he was also the first plaintiff to seek consolidation of the Actions by formal motion filed on July 11, 2011, thereby demonstrating his greater energy and enthusiasm to vigorously prosecute the Actions. Accordingly, it is Tawila who has acted most expeditiously to attempt to organize the Actions. Consequently, this factor strongly favors the appointment of the Weiser Firm as Lead Counsel.

---

[13]   Indeed, even assuming for sake of argument that there is no *per se* conflict in the dual representation of state and federal derivative plaintiffs, one can well imagine the myriad issues that can arise if the clients in the Duplicative State Litigation do not want to have their actions stayed, or disagree with Iron Workers on the direction of litigation of the Actions.

4.   **The Weiser Firm Has a Documented History of Successful Prosecution of Complex Derivative Actions and Has the Resources Necessary to Aggressively and Judiciously Prosecute the Actions**

An additional factor that courts consider in appointing lead counsel in derivative litigation is the "competence of counsel and their access to the resources necessary to prosecute the claims at issue." *Hirt v. U.S. Timberlands Service Co.*, No. CIV. A. 19575, 2002 WL 1558342, at *2 (Del. Ch. July 9, 2002). As fully described in the Tawila Motion and documented in the firm resume of the Weiser Firm, the Weiser Firm has extensive experience in derivative and complex securities litigation and is well-equipped to prosecute the Actions. *See* Tawila Motion; Herkenhoff Decl., Ex. E. Indeed, Robert Weiser, the founder of the Weiser Firm, has been involved in some of the most successful shareholder derivative actions in history. *See* Herkenhoff Decl., Ex. E. Thus, the Court should appoint the Weiser Firm as Lead Counsel given its demonstrated focus on shareholder derivative litigation and its history of success in such prosecutions.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny the Iron Workers' Motion and should grant the Tawila Motion to consolidate the related Actions, appoint Plaintiff Tawila as Lead Plaintiff, and appoint the Weiser Firm as Lead Counsel.

DATED: August 5, 2011

Respectfully submitted,

THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (168562)

KATHLEEN A. HERKENHOFF

12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: 858-794-1441
Facsimile: 858-794-1450

1

2                                        THE WEISER LAW FIRM, P.C.
                                         ROBERT B. WEISER
3                                        BRETT D. STECKER
                                         JEFFREY J. CIARLANTO
4                                        JOSEPH M. PROFY
                                         121 North Wayne Avenue, Suite 100
5                                        Wayne, PA 19087
                                         Telephone: 610/225-2677
6                                        Facsimile:  610/225-2678

7                                        Attorneys for Plaintiff Yahia Tawila and
                                         Proposed Lead Counsel
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I also caused to be mailed the foregoing document or paper via the United States Postal Service to the persons indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following Designated Internet Site at: http://securities.stanford.edu.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 5, 2011.

  s/ KATHLEEN A. HERKENHOFF
KATHLEEN A. HERKENHOFF

THE WEISER LAW FIRM, P.C.
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: 858/794-1441
Facsimile: 858/794-1450

E-mail: kah@weiserlawfirm.com

# Mailing Information for a Case 3:11-cv-03302-CRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kathleen Ann Herkenhoff**
  kah@weiserlawfirm.com

- **Frank James Johnson**
  frankj@johnsonandweaver.com,brett@johnsonandweaver.com,shelbyr@johnsonandweaver.com

- **David Nathan Lake**
  david@lakelawpc.com

- **Brian J. Robbins**
  notice@robbinsumeda.com

- **Debra Salzman**
  david@lakelawpc.com

- **Shane Palmesano Sanders**
  ssanders@robbinsumeda.com

- **Craig Wallace Smith**
  notice@robbinsumeda.com,csmith@robbinsumeda.com

- **Gina Stassi**
  gstassi@robbinsumeda.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Brett Michael Weaver
Johnson Bottini, LLP
501 W. Broadway
Suite 1720
San Diego, CA 92101
```

**YAHOO Service List (Manual Service List)**

THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: 858/794-1441
Facsimile: 858/794-1450
kah@weiserlawfirm.com

– and –

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO
JOSEPH M. PROFY
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: 610/225-2677
Facsimile: 610/225-2678
rw@weiserlawfirm.com
bds@weiserlawfirm.com
jjc@weiserlawfirm.com
jmp@weiserlawfirm.com

Attorneys for Plaintiff Yahia Tawila

ROBBINS UMEDA LLP
BRIAN J. ROBBINS
CRAIG W. SMITH
SHANE P. SANDERS
GINA STASSI
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991
brobbins@robbinsumeda.com
gsmith@robbinsumeda.com
ssanders@robbinsumeda.com
gstassi@robbinsumeda.com

Attorneys for Plaintiff Iron Workers Mid-South Pension Fund

GLANCY BINKOW & GOLDBERG LLP
LIONEL Z. GLANCY
MICHAELGOLDBERG
EX KANO SAMS II
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
Facsimile: 310/201-9160
info@glancylaw.com

Attorneys for Plaintiff Jane Oh

THE BRISCOE LAW FIRM, PLLC
WILLIE C. BRISCOE
BILLY J. BRISCOE
8117 Preston Road, Suite 300
Dallas, TX 75225
Telephone: 214/706-9314
Facsimile: 214/706-9315

Attorneys for Plaintiff Jane Oh

POWERS TAYLOR                          LAW OFFICES OF DAVID N. LAKE
PATRICK POWERS                         DAVID N. LAKE
MARK TAYLOR                            16130 Ventura Boulevard, Suite 650
PEYTON HEALEY                          Encino, CA 91436
Campbell Centre II                     david@lakelawpc.com
8150 North Central Expy., Suite 1575
Dallas, TX 75206
Telephone: 214/239-8900
Facsimile:  214/239-8901
info@powerstaylor.com
                                       Attorneys for Plaintiff Debra Salzman
Attorneys for Plaintiff Jane Oh

LAW OFFICES OF KENNETH A. ELAN
KENNETH A. ELAN
217 Broadway, Suite 606
New York, NY 10007
Telephone: 212/619-0261
Facsimile:  212/385-2707
elanfirm@yahoo.com

Roy L. Jacobs, Esq.
ROY JACOBS & ASSOCIATES
60 East 42nd Street 46th Floor
New York, NY 10165
212-867-1156
212-504-8343 (Fax)
845-304-3382 (Cell)
Rjacobs@jacobsclasslaw.com
www.jacobsclasslaw.com

Attorneys for Plaintiff Debra Salzman

**Defendants**
MORRISON & FOERSTER LLP               Jack Ma
MARK FOSTER                           24/F, Jubilee Center
425 Market Street                     18 Fenwick Street
San Francisco, CA 94105               Wanchai, Hong Kong, China
Telephone: 415/268-6335
Facsimile:  415/276-7349
mfoster@mofo.com                      *In Pro Per*

Attorneys for Yahoo, Inc., Carol A. Bartz, Jerry
Yang, Roy Bostock, Patti Hart, Susan James,
Vyomesh Joshi, David Kenny, Arthur Kern,
Brad Smith, and Gary Wilson